Solly K. FRANKENSTEIN and Julia E. Frankenstein, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12696.

United States Court of Appeals Seventh Circuit.

Nov. 18, 1959.

Rehearing Denied Dec. 22, 1959.

Dan C. Flanagan, James P. Murphy, Fort Wayne, Ind., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Carter Bledsoe, Attorney, U. S. Department of Justice, Washington, D. C., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The petitioners, Solly K. Frankenstein and Julia E. Frankenstein, husband and wife reside in Fort Wayne, Indiana.

Julia E. Frankenstein is made a party to this proceeding for the reason she filed joint income tax returns with her husband for the years in question. Petitioners filed a joint Federal Income Tax Return for the years 1949, 1950, 1951, 1952, 1953 and 1954 with the Collector of Internal Revenue at Indianapolis, Indiana. These returns were made on the basis of cash receipts and disbursements. A deficiency tax for each year was assessed. Petitioners filed a petition for redetermination of their tax liability in the Tax Court of the United States. That court sustained the deficiencies assessed except for 1949, it being conceded that the tax for that year was barred by limitations. Petitioners appealed. Hereinafter for convenience Solly K. Frankenstein will be referred to as petitioner.

During the years in question petitioner testified that he put in at least forty-eight hours a week in the practice of law. Petitioner owned lots, some of which were inherited and some of which were purchased. The following schedule shows the real estate acquired by him during the years 1941 through 1955, exclusive of rental properties:

| Year | Number of parcels of real estate purchased |
| --- | --- |
| 1941 | 2 |
| 1942 | 37 |
| 1943 | 3 |
| 1944 | — |
| 1945 | 4 |
| 1946 | 356 |
| 1947 | 38 |
| 1948 | 347 |
| 1949 | 104 |
| 1950 | 12 |
| 1951 | 58 |
| 1952 | 6 |
| 1953 | 9 |
| 1954 | 5 |
| 1955 | 3 |

The lots purchased during the years 1946 through 1949 were acquired by petitioner at various auctions held by the auditor of Allen County, Indiana. Others were purchased at regular tax sales.

Petitioner never sub-divided any of the land into lots, nor did he make any improvements. He did pay the cost of installing improvements required by public improvement resolutions passed by the City of Fort Wayne. At times there were homemade signs placed on some of the lots containing the words "FOR SALE" together with a telephone number and his address. Also during the years 1948 and 1949 and until March of 1950 he advertised the lots in the real estate "FOR SALE" column of the Fort Wayne Journal Gazette. Below is a schedule of the number of lots sold outright and the number of lots sold on contract:

| Year | Number of lots sold outright | Number of lots sold contract |
| --- | --- | --- |
| 1942 | 6 | 3 |
| 1943 | 1 | — |
| 1944 | 2 | — |
| 1945 | — | 1 |
| 1946 | 7 | 1 |
| 1947 | 4 | 2 |
| 1948 | 14 | 9 |
| 1949 | 11* | 7 |
| 1950 | 36* | 5 |
| 1951 | 27* | 26 |
| 1952 | 28* | 15 |
| 1953 | 33* | 29 |
| 1954 | 20* | 28 |

* From income tax return.

During the years here involved most of the transactions were reported on petitioner's income tax returns as separate sales of individual lots. In the majority of cases where lots were sold he would purchase abstracts and furnish them to the purchasers when final payments were made. Petitioner never held a real estate license and was never engaged in the real estate business other than in his personal holdings.

As reported on his income tax returns petitioner's gains from the sale of real estate greatly exceeded his income from the practice of law for each of the years involved.

The petitioner reported these transactions on a capital gain basis. The

Commissioner determined that the lots were held by the taxpayer primarily for sale to customers in the ordinary course of business, as defined in the exclusion from capital assets provisions, Section 117(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(a) (1) (A), and Section 1221(1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1221(1), and that the profits were therefore taxable as ordinary income.

The contested issue argued by petitioner is whether profits derived from the sale of lots during the years here at issue were gains from the sale of capital assets or were income from property held primarily for the sale to customers in the ordinary course of business.

■ Among the matters to be inquired into are the taxpayer's purposes in acquiring and disposing of the property; the continuity of sales activity; the number, substantiality, and frequency of sales; and the owner's activity in developing the property and his efforts to sell. Boomhower v. United States, D.C. Iowa 1947, 74 F.Supp. 997. No one factor is conclusive.

Petitioner's income tax returns indicate that the great majority of lots sold were conveyed as separate parcels and transactions. His real estate deals were frequent and substantial and indicative of a continuing business activity, rather than the performance of single disconnected acts. Boomhower v. United States.

■ Petitioner testified that he devoted at least forty-eight hours a week to the practice of law. However, an examination of his income tax returns shows that his gains from the sale of real estate greatly exceeded his income from the practice of law. In view of the attending circumstances this fact is pertinent. Gamble v. Commissioner, 5 Cir., 1957, 242 F.2d 586. After careful consideration of all the evidence we are of the opinion that the petitioner held the lots for the sale to customers in the ordinary course of business.

Affirmed.