282 F.2d 892
 60-2 USTC P 9719
 Lyle H. ROSSITER, Marjorie E. Rossiter and Benjamin F.
March, individually and as executor of the estate
of Isabel March, deceased, and as
surviving spouse, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 13012.
 United States Court of Appeals Seventh Circuit.
 Oct. 3, 1960.
 
 John B. Stephan, Chicago, Ill., for appellant.
 Charles K. Rice, Asst. Atty. Gen., Charles B. E. Freeman, Atty., Tax Division, U.S. Dept. of Justice Washington, D.C., Robert Tieken, U.S. Atty., Chicago, Ill., Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D.C., Harvey M. Silets, Asst. U.S. Atty., Chicago, Ill., for appellee.
 Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH,[1] Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 In actions which were consolidated, plaintiffs sought recovery in the district court of income taxes claimed to have been erroneously collected for the years 1953, 1954 and 1955 for the reason that profits made by a law partnership consisting of Benjamin F. March and Lyle H. Rossiter, from the sale of vacant real estate, were taxed as ordinary income instead of long-term capital gains. The case was tried by the court without a jury and the evidence consisted of oral testimony and documentary exhibits.
 
 
 2
 The district court made findings of fact from which the following controlling facts appear:
 
 
 3
 Lyle H. Rossiter and Marjorie E. Rossiter, his wife, filed joint income tax returns for the years in question, and Benjamin F. March and his wife, Isabel March, did likewise for the years 1953 and 1954. Following Mrs. March's death, her husband filed a return for the year 1955.
 
 
 4
 Until October 1, 1954 Rossiter and March practiced law as partners in Chicago. Neither was a licensed real estate broker. They purchased vacant lots in Du Page County, Illinois, which were subject to delinquent real estate taxes. They then cleared the titles to the properties and thereby acquired tax deeds at auctions held by the county treasurer or at judicial sales, all of which resulted in the titles becoming marketable.
 
 
 5
 About three-fourths of the purchases made by March & Rossiter were in joint venture with licensed real estate brokers, the firm contributing about fifty per cent of the capital and the real estate brokers, the balance. When the property was sold the profits were divided equally between the firm and the joint venturers.
 
 
 6
 The legal activities in clearing title were performed by March & Rossiter and the sales activities were conducted by the broker joint venturers.
 
 
 7
 March & Rossiter held the lots for sale to their customers in the ordinary course of their business.
 
 
 8
 The district court concluded that March & Rossiter and their joint venturers held the lots primarily for sale to customers in the ordinary course of business, as defined in the exclusion from capital assets provisions, section 117(a)(1)(A) of the Internal Revenue Code of 1939 and section 1221(1) of the Internal Revenue Code of 1954, and that the profits were therefore taxable as ordinary income. The court also concluded that the Commissioner of Internal Revenue lawfully assessed and collected the income taxes which plaintiffs here seek to recover.
 
 
 9
 26 U.S.C.A. (Revenue Act of 1939 as amended), 117(a) provided:
 
 
 10
 Definitions. As used in this chaper--
 
 
 11
 '(1) Capital assets. The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include--
 
 
 12
 '(A) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;
 
 
 13
 '(B) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 23(l), or real property used in his trade or business; * * *'
 
 
 14
 26 U.S.C.A. (Revenue Act of 1954), 1221, provides:
 
 
 15
 'For purposes of this subtitle, the term 'capital asset' means property held by the taxpayer (whether or not connected with his trade or business), but does not include--
 
 
 16
 '(1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;
 
 
 17
 '(2) property, used in his trade or business, of a character which is subject to the allowance for depreciation provided in section 167, or real property used in his trade or business; * * *.'
 
 
 18
 Unless shown to be clearly erroneous, the findings of the district court were determinative of the issue of whether March & Rossiter acquired their interest in the unimproved lots primarily for sale to customers in the ordinary course of business. Patrick v. Commissioner of Internal Revenue, 7 Cir., 275 F.2d 437, 439. Our examination of the record at the trial, including the oral evidence of witnesses, convinces us that the record sustains the findings of the court. We therefore hold that the gains from these transactions were ordinary income to the partners. Frankenstein v. Commissioner of Internal Revenue, 7 Cir., 272 F.2d 135.
 
 
 19
 We are not here confronted with a stiuation such as was presented to the Supreme Court in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218, where the case was remanded to the district court for adequate findings of fact, made necessary because the district court made only a simple finding that the transfer in question was a 'gift'. In the case at bar the district court made 19 specific findings of fact and in finding 20 found, by way of summary, that March & Rossiter held the lots for sale to customers in the ordinary course of their business.
 
 
 20
 For the foregoing reasons, we hold that the record before us supports the judgment of the district court. That judgment is affirmed.
 
 
 21
 Affirmed.
 
 
 
 [1]
 Although Judge Knoch was on the panel which heard oral arguments, he took no part in the decision of this case